# N. Y. CITY COURT.

MORRIS SECKENDORF *et al.* agt. ANDRES W. KETCHAM *et al.*

*Attachment — Fraudulent disposition of property — Facts and circumstances to be considered as to fraudulent intent.*

On October 16, 1884, defendants claimed to be solvent, and to have a surplus of from $10,000 to $20,000. The following day they executed a bill of sale of their entire stock in trade, fixtures, &c., to one of their wives for a paid consideration of one dollar, and a past due debt of $7,500. On the eighteenth of October they announced their suspension and insolvency to their creditors, a number of whom procured

attachments. On the twentieth of October they made a general assignment:

*Held,* that although as an isolated fact the sale established no basis for an attachment, yet, in view of the circumstances, the transfer was not a *bona fide* one, and was made with no honest purpose, and the attachments must be sustained.

Also, *held,* that the fact that the sale was not consummated creates no difference in law.

*Special Term, October,* 1884.

MOTION to vacate an attachment.

*Hoes & Morgan (John H. Miller, of counsel),* for motion.

*Nathan L. Hahn,* opposed.

HAWES, *J.* — The letters of the defendants addressed to their creditors, as well as all the admitted facts in the case, clearly demonstrate that they were presumably insolvent. This in itself, either as an admitted or concealed fact, would furnish no ground for an attachment, and is worthy of consideration only as an incident to the alleged fraud. The fraud charged is that the defendants, while in this insolvent condition, informed plaintiffs that they had made a bill of sale of their property on the day before to Mrs. E. W. Ketcham, the wife of one of the defendants, for the nominal consideration of one dollar, and that if their creditors brought suits against them, they would not get a dollar, as Mrs. Ketcham would fight any and all law suits or claims against the property. This is denied by the defendants, but it is admitted by them that they did make a bill of sale of all their property to Mrs. Ketcham on the day alleged, but it is claimed that it was for a past due debt of $7,500, and as this fact is not denied, it will be assumed to be true in the consideration of the motion.

A sale of property considered as an isolated fact establishes no basis for an attachment, but we are compelled to consider all the facts and circumstances which surround the transaction, and ascertain from them whether a fraudulent intent has been

established. It may be said, by way of parenthesis, that a party may have had an innocent purpose in so far as the moral aspect of the case is concerned, and yet the law in considering the admitted facts will establish, as a legal consequence of their acts, a fraudulent intent in so far as creditors are concerned.

In other words, a legal fraud is not always a moral one, and I make this suggestion in view of the earnest and repeated assertion of the defendant that he intended to do no wrong. There must, of course, be an actual and not a constructive fraud established, but this arises when the acts done create as a logical sequence results that are not fairly or reasonably consistent with an honest purpose.

Now the fact is that defendant Ketcham, in his opposing affidavit, states that he is owing in merchandise debts over $15,000, and he further swears that on the sixteenth of October, two days before this attachment was granted, he had in stock and book accounts enough to pay this $15,000 and leave a balance of from ten to twenty thousand dollars, and yet in the face of these facts he transfers, or attempts to transfer, all of his stock to his wife for one dollar and a past due debt of $7,500. The consideration is wholly inadequate to the amount of property transferred as stated by the defendant, and it cannot fairly or reasonably be deemed a *bona fide* sale, in view of the fact that the transfer was made at a time when the defendants were informing their creditors of their insolvency and suspension of payments and knew from the nature of things that their creditors would take immediate steps to enforce their claims.

A sale for a consideration of one dollar may be a valid sale as between the parties, but the circumstances which surround this case lead to the inevitable conclusion that this transfer was placing property beyond the reach of creditors, for however much he might primarily have intended it as a payment to Mrs. Ketcham, its inevitable effect was to place it beyond the reach of creditors and would in fact be a coercive measure

Seckendorf *et al.* agt. Ketcham *et al.*

to compel creditors to take less than the defendants could rightfully and legally pay and deprive them of their claims altogether. The fact that the sale was not consummated creates no difference in law, as is well settled by a long line of decisions.

In coming to the conclusion that this attachment should be sustained I have assumed that the defendant's version of the transaction was substantially correct, and upon his own version I am of the opinion that enough has been done by him to justify a denial of this motion.

I do not think it necessary to consider the plaintiff's version of the transaction, but if it is held to be correct a determination of this motion is very quickly reached.

Motion to vacate attachment denied, with costs.